### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARNELL DAVIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.   **08-cv-250-DRH-PMF** |
| ) | |
| **LT. WILLIAMS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant's motion for summary judgment (Doc. No. 24). Plaintiff, Darnell Davis, is proceeding on § 1983 claims pertaining to the conditions of his former confinement at Pinckneyville Correctional Center. Defendants Ronald Williams, Colin Tracy, and David Homoya seek judgment in their favor on the affirmative defense that Davis failed to exhaust his administrative remedies before he filed this lawsuit.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The fact presented are construed in the light most favorable to the non-moving party and all reasonable and justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To survive a summary judgment motion, the opposing party must set forth specific facts showing that there is a genuine issue for trial. *Vanasco v. Nat'l-Louis Univ.*, 137 F.3d 962, 965 (7th Cir.1998).

Lawsuits filed by inmates are subject to the Prison Litigation Reform Act, which provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Court of Appeals requires strict compliance with the statute. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The prison's specific requirements govern the issue of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Hence, exhaustion means the prisoner has filed complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Failure to exhaust administrative remedies is an affirmative defense; the defendants bear the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

The evidence shows that Davis initiated the grievance process while he was confined at Menard Correctional Center. Because Davis had a complaint about his former confinement at Pinckneyville Correctional Center, the grievance process required two steps. First, Davis needed to submit his grievance to his counselor. He took that step on March 8, 2008. Second, Davis needed to forward his grievance and his counselor's response to the Administrative Review Board (ARB). He took that step as well, and the ARB received the information on March 13, 2008. There is no dispute that Davis took both of the steps required of him. There was nothing more he needed to do to pursue an administrative remedy.[1]

---

[1] Before Davis presented his complaint to his counselor, he asked for emergency review by the warden. Emergency review was declined on February 21, 2008. This was an optional step.

On March 21, 2008, the ARB reviewed the available information and recommended that Davis' grievance be "remanded" to the administration at Pinckneyville Correctional Center.[2] The ARB felt that the warden should take additional steps and prepare a report of findings, which upon completion should be forwarded to the director. The director accepted the ARB's recommendation and directed the warden to "proceed accordingly" (Doc. No. 24-1, p. 3). The decision does not clearly state that the ARB would make a further recommendation or that the director would make a supplemental decision. A copy of the March 21, 2008, decision was sent to Davis, who had no option to appeal or challenge the decision to remand his grievance.

The grievance process outlined in the regulations does not include remands. The director's initial duty is to review the materials and determine whether a hearing is required. Hearings may be conducted in person or by video or telephone conference, and witnesses may be called and documents may be examined at the ARB's discretion. If the director determines that the grievance is without merit or decides that the grievance can be resolved without a hearing, the inmate is to be notified of that disposition, in writing. The director's role is to review findings and recommendations of the ARB, make a final determination of the grievance, and send a copy of the decision to the inmate. 20 Ill. Admin. Code §§ 504.850, 504.870.

On April 2, 2008, a short time after the director issued his remand decision, Davis filed this suit. On June 13, 2008, more than two months after Davis filed suit, the ARB prepared another recommendation, based on another review of available information. Following this review, the ARB

---

[2] Because Davis had been transferred from Pinckneyville Correctional Center to Menard Correctional Center, he was entitled to seek review by the ARB. In these circumstances, review of the grievance by the administration at Pinckneyville Correctional Center is not a step in the process. 20 Ill. Admin. Code § 504.870(a)(4).

recommended that Davis' grievance be denied. On June 16, 2008, the director adopted that recommendation (Doc. No. 24-1, p. 4).

The parties agree that Davis has exhausted his administrative remedies. They do not agree as to the date the process was exhausted. The defendants argue that Davis had an obligation to allow the Pinckneyville administration to conduct its review on remand and await another review and recommendation by the ARB as well as another decision by the director. Davis argues that the procedure was final on March 21, 2008, when the director notified him in writing of his decision to remand the grievance to authorities at Pinckneyville Correctional Center.

Because the defendants bear the burden of proof on the defense, they must convince the Court that they are entitled to judgment in their favor as a matter of law. The decisions cited in the defense brief establish general points that are not in dispute: that exhaustion is a precondition to any suit challenging prison conditions and that remedies must be exhausted even when the relief sought cannot be granted. Those decisions do not remands or similar decisions adding steps to the process and are not particularly helpful in resolving the issue at hand: whether a remand decision by the director is a final or interim step in the grievance process. In hindsight, the fact that the director announced a second decision denying the grievance following remand lends support to an inference that the March 21, 2008, decision was an interim step in the administrative process. A number of facts detract from the strength of that inference. First, the administrative regulations provide for review, the possibility of a hearing, and one final written decision sent to the offender. The regulations do not contemplate remands, supplemental ARB recommendations, or supplemental director decisions. Also, the director's March 21, 2008, decision did not clearly notify Davis that the remand decision was not a final decision and would be followed by further review and a final

decision. Finally, Davis was unable to challenge or appeal the March 21, 2008, remand decision. These facts suggest that the administrative process was complete when the remand decision was made. In sum, the defendants have not satisfied their burden by tipping the weight of the evidence and legal authority in their favor.

    IT IS RECOMMENDED that the motion for summary judgment (Doc. No. 24) be DENIED.

    **SUBMITTED:   May 12, 2010   .**

                                       **S/ Philip M. Frazier**
                                       **PHILIP M. FRAZIER**
                                       **UNITED STATES MAGISTRATE JUDGE**